UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| PAUL SANDFORD and NANCY SANDFORD,<br><br>     Plaintiffs,<br><br>vs.<br><br>WELLS FARGO & CO., WELLS FARGO BANK, N.A., WELLS FARGO HOME MORTGAGE, WACHOVIA MORTGAGE CORPORATION, WACHOVIA BANK, FSB, WACHOVIA CORPORATION, and DOES 1-100, inclusive,<br><br>     Defendants. | CASE NO.:  8:11-cv-00502-JST-RNB<br><br>**[PROPOSED]**<br><br>PROTECTIVE ORDER FOR "CONFIDENTIAL" AND "ATTORNEYS EYES ONLY— CONFIDENTIAL" INFORMATION BASED ON STIPULATION OF THE PARTIES<br><br>[Hon. Robert N. Block, Magistrate Judge] |

It is hereby stipulated and agreed, by and between the parties to the above-identified action, through their respective counsel, that the terms and conditions of this stipulation and order of confidentiality shall govern the production and handling of documents, answers to interrogatories, responses to request for admissions, depositions, pleadings, exhibits and other information exchanged by the parties in this action. For any such information produced following entry of this

1

Order, to be filed with the Court, pertaining to loan modification request analysis, processing, decision making, or training and training materials on loan modification communications or processes, available or given to Wells Fargo personnel involved in loan modification, if separately ordered to be produced by the Court, then this will occur in accordance with Local Rule 79-5.1: a proposed filing containing such protected information shall be accompanied by an application to file the papers, of such a portion if segregable, under seal; and the application shall be directed to the Judge to whom the papers are directed. For motions, the parties shall also file a redacted version of the motion and supporting papers.

This proposed order is not intended to contain any provisions relating to evidence present at court hearing, proceeding and/or trial.

IT IS HEREBY ORDERED AS FOLLOWS:

1. This order shall be applicable to and govern documents produced by Wells Fargo Bank ("Wells Fargo"), or deposition testimony of Wells Fargo personnel or personnel designated as persons most knowledgeable, which contain information that it has not made public, or, if disclosed will have the effect of causing harm to its competitive position, in connection with this action.

2. A party shall designate documents or information it is producing as "CONFIDENTIAL" only when that party in good faith believes the designated information constitutes or includes proprietary information that (i) is used by the party in, or pertaining to, its business; (ii) is not generally known and has not been made public; and (iii) the party normally would not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence; and (iv) contains confidential information that would potentially harm Wells Fargo's competitive position, such as lending and banking operations and activities, business operations, customer lists, personnel, independent contractors, contractual relationships, internal operations and methodology, prospective, existing or past

customers, relations between divisions or affiliated entities, sources of revenue, nonpublic banking, lending, technical, commercial, financial, personal, or confidential business information, and here, pertaining primarily to loan modification personnel training material and loan modification application consideration and processing.

3.     A party shall designate documents or information it is producing as "ATTORNEYS' EYES ONLY – CONFIDENTIAL" only when that party in good faith believes the designated information constitutes or includes CONFIDENTIAL information in the form of trade secrets, or nonpublic banking, lending, technical, commercial, financial, personal, or confidential business information which is particularly sensitive and which, if disclosed to the opposing party or to third parties, could cause unfair disadvantage or compromise of the business or competitive or privacy interests of Wells Fargo as the person disclosing the information, and here, pertaining primarily to loan modification personnel training material and loan modification application consideration and processing.

4.     CONFIDENTIAL and ATTORNEYS' EYES ONLY CONFIDENTIAL information shall be used by the parties in this action solely for the purpose of conducting this litigation. including any appellate proceeding, and not for any other purpose whatsoever.  Without limiting the foregoing in any way, no CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL information shall be used made available to any third party or used as the basis of or for purposes of litigation against by any third party or against any third party, and shall under no circumstances be transmitted electronically or handled or used in any manner that could cause, result in, or constitute availability of the documents or information to any third person in any manner.

5.     Under no circumstances shall any ATTORNEYS' EYES ONLY CONFIDENTIAL information designated by the parties be shown or any part of its contents be revealed to any party or any director, officer or employee of a party, or

to any person or counsel outside of this proceeding, as such information is disclosed only for the purpose of this proceeding, and otherwise except as expressly permitted herein. Information designated as CONFIDENTIAL may be disclosed only to the following persons (but this provision does not apply to limit the handling of such information by the Court and its personnel):

    a.    The attorneys of record retained by any party and all non-attorney staff persons working under the supervision, direction, or control of such attorneys (not including any in-house attorneys representing any party);

    b.    No more than one in-house attorney per party;

    c.    Consultants, investigators, or experts expressly retained by a party to assist in preparation of this action for trial, provided that none of those persons is permitted to use the material for any purpose but this action and not for any other action, or contemplated action, with disclosure only to the extent necessary to perform such work; provided any such consultant, investigator, or expert reviews this Stipulation and Order and agrees in writing in advance of receiving any CONFIDENTIAL information to be subject to its terms, and that written agreement be transmitted to the attorneys for the disclosing party prior to the information being made available to that person;

    d.    A party if a natural person, or a director, officer, or employee of a party who is appointed by such party to consult with persons described in paragraphs 5(a - c) with regard to this litigation, with disclosure only to the extent necessary to perform such work; provided such appointed person, director, officer, or employee reviews this Stipulation and Order and agrees in writing in advance of receiving any CONFIDENTIAL information to be subject to its terms, and that written agreement be transmitted to the attorneys for the disclosing party prior to the information being made available to that person;

    e.    Any court reporter engaged for depositions or court appearances in this litigation, and those persons specifically engaged for the limited purpose of

1 making copies of documents in connection with this litigation, provided any such
2 person reviews this Stipulation and Order and agrees in advance of receiving any
3 CONFIDENTIAL information to be subject to its terms;
4     f.    A witness at a deposition, but only if such witness is an employee of a
5 party, and provided that only the parties and their attorney, the deposition reporter
6 and videographer, the deposition witness, and other persons qualified to receive
7 Confidential Information pursuant to this paragraph 5 are present;
8     g.    Such other persons as hereafter may be designated by written
9 agreement of all parties to this action or by order of the Court, on noticed motion,
10 permitting such disclosure; but,
11     h.    as to the Court and its personnel, such provision of information is
12 dealt with pursuant to separate orders under Local Rules and the Rules of Civil
13 Procedure.
14     6.    Information designated as ATTORNEYS' EYES ONLY
15 CONFIDENTIAL may be disclosed only to the persons listed in paragraphs 5(a),
16 (c), (e), (g) and (h).
17     7.    Persons receiving CONFIDENTIAL or ATTORNEYS' EYES ONLY
18 CONFIDENTIAL information are prohibited from disclosing it or any information
19 contained therein or derived therefrom to any person except those persons to whom
20 disclosure is authorized in paragraphs 5 and 6 and except as otherwise permitted by
21 this Stipulation and Order.
22     8.    The recipient of any CONFIDENTIAL or ATTORNEYS' EYES
23 ONLY CONFIDENTIAL information hereby agrees to be subject to the
24 jurisdiction of this Court for the purpose of any proceedings relating to documents
25 or information protected by this Stipulation and Order. Violation of this Stipulation
26 and Order may be punishable by contempt of court and any other applicable
27 methods of enforcement available to the Court pursuant to statute, rule, or implied
28 power.

9. The recipient of any CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL information provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

10. In the event any recipient identified in paragraphs 5 or 6 to whom CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL information is disclosed ceases to engage in the preparation for trial or trial of this proceeding, access by such individual to CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL information shall cease. The remaining provisions of this Protective Order shall remain in full force and effect as to that individual.

11. The designation of information contained in documents as CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL shall be made at the time of production by placing or affixing on the document in a manner in which will not interfere with its legibility the designation CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL. In the event that a party inadvertently fails to stamp or otherwise designate a document as CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL at the time of its production, that party shall have 20 (twenty) business days after such production to so stamp or otherwise designate the document.

12. The designation of information disclosed or discussed in the course of depositions as CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL shall be made by statement to such effect on the record in the course of the deposition or following review of such transcript by counsel for the party whose CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL information was disclosed at the deposition. Such review shall occur within thirty days after counsel's receipt of the deposition transcript. Within that time period,

counsel shall designate and send to counsel for the other party the pages and line number designations of the transcript containing CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL information. From the date of the deposition through the end of this thirty-day period, pending designation, (unless made during the deposition) the entire deposition transcript, including exhibits, shall be deemed ATTORNEYS' EYES ONLY CONFIDENTIAL. Except to the extent a designation is made pursuant to this paragraph, the transcript shall be considered not to contain any CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL information. Nothing contained herein shall prevent a party from attending deposition, if a natural person or its director, officer, or employee of a party who is appointed by such party to consult with persons described in paragraphs 5(a - c) for purposes of the litigation, if designated and bound under paragraph 5 (d), such that the deposition testimony during its course is considered CONFIDENTIAL INFORMATION. Additionally, counsel of record for the party may communicate with its client regarding the gist of information, without revealing the detailed substance of such information, so long as necessary for purposes of the representation.

13. Transcripts of depositions shall not be filed with the Court unless necessary for purposes of trial, motions, or other such matters. If any portion of a deposition transcript is filed and contains CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL information, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

14. A party shall not be obligated to challenge the propriety of any CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL designation when made, and failure to do so shall not preclude a subsequent challenge thereto. In the event any party objects at any stage of these proceedings to a CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL designation, then such dispute resolution shall comport with Local Rules 37-1 and 37-2. The

burden of proving information has properly been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL is on the party who made such designation.

15. Subject to separate Order from the Court, the Clerk of the Court is requested to maintain under seal all documents and deposition transcripts filed with the Court by any party to this litigation which are, in whole or in part, designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL. The party filing such CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL material shall designate to the Clerk that all or a designated portion thereof is subject to this Protective Order, but only pursuant to a separate order made hereafter by the Court under, which approves information to be put and kept under seal.

16. Use of any CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL information in any Court proceeding in connection with this litigation shall not without further order of the Court cause such information to lose its CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL status. The parties shall take all steps reasonably required to protect the confidentiality of such information during such use.

17. All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding after the conclusion of this action, including all appeals, until further order of the Court or unless the parties agree otherwise in writing. All originals and copies of documents and extracts of same or other information designated as CONFIDENTIAL OR ATTORNEYS' EYES ONLY CONFIDENTIAL shall be returned to the Party through its counsel of record that Produced them within one month after the conclusion of this action, including all appeals, or settlement of this action (except that the attorneys of record for each party may maintain in their files one copy of each pleading filed with the Court, each written discovery request and response

thereto, and each deposition transcript together with the exhibits marked at the deposition). Any analysis, memoranda or notes (excluding indices that do not summary the substance of designated information) which were internally generated based upon any designated information shall also be destroyed. The attorneys for the other party shall certify in writing that all such documents have been returned, or destroyed as the case may be.

18. Nothing in this Order shall preclude any party to the lawsuit or its attorneys: from (a) showing a document designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL to an individual who either prepared or reviewed the document prior to the filing of this action; or (b) disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL.

19. The use of any CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL information for the purposes of any hearing or trial which is open to the public is not addressed at this time, but will be the subject of a future agreement or order as the need may arise.

20. In the event that any person to whom CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL information is disclosed pursuant to this Protective Order receives a subpoena or other process or order to produce such information, such person or party shall immediately notify in writing the attorneys of record for the party who so designated the information, and shall cooperate with respect to any procedure sought to be pursued by the designating party to prevent any disclosure of that information. The person receiving such subpoena or other process or order shall be entitled to comply with it except to the extent that Defendants are successful in obtaining an order modifying or quashing it.

///

1    21.    Nothing contained in this Protective Order or any designation of
confidentiality hereunder shall be used or characterized by any party as an
"admission" by any party opponent.

2    22.    Entry of this Protective Order shall be without prejudice to any
motion for relief from the provisions hereof or to any other motion for further
restriction on the production, exchange or use of any document or other
information in the course of this action; provided, however, that no such motion
shall be made after the entry of a final judgment in or a settlement of this action.

3    23.    This Protective Order may be modified only by Order of the Court on
stipulation or motion by the parties or by other Order of the Court.

4    24.    Signatures of counsel to this Stipulation in electronic signature as
lodged, or by facsimile or photocopy shall be deemed originals for all purposes.

Dated:  November 6, 2012

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP


By:   /s/ Fred Hickman
          Fred Hickman
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor
by merger with Wells Fargo Bank
Southwest, N.A., f/k/a WACHOVIA
MORTGAGE, FSB, f/k/a World Savings
Bank, FSB ("Wells Fargo Bank")
(erroneously sued as "WELLS FARGO &
CO.; WELLS FARGO BANK, N.A.;
WELLS FARGO HOME MORTGAGE;
WACHOVIA MORTGAGE
CORPORATION; WACHOVIA BANK,
FSB; WACHOVIA CORPORATION")

1  Dated: November 6, 2012                    GOLDEN & TIMBOL, P.C.

                                              By:  /s/ Servando Timbol
                                                   Servando Timbol
                                                   Attorneys for Plaintiffs
                                                   PAUL SANDFORD and
                                                   NANCY SANDFORD

### ORDER

Good cause appearing therefore under Rule 26(c)(G) as the documents or information involve Wells Fargo's trade secret or confidential information pertaining to internal employee training materials and protocols on the communications with its borrowers regarding requests for loan modification, and based upon the stipulation of the parties, as well:

This Protective Order is made and shall be entered as of this date, and is binding upon the Parties as stipulated.

Date: November 9, 2012

                                              _____
                                              Honorable Robert N. Block
                                              United States Magistrate Judge