UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-502-JST (RNBx)          Date: December 21, 2012
Title: Paul Sandford, et al. v. Wells Fargo & Co., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Nancy Boehme | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                     Not Present

**PROCEEDINGS:**    **(IN CHAMBERS) ORDER (1) REQUIRING DEFENDANTS TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED AND (2) CONTINUING HEARING ON DEFENDANTS' MOTIONS TO FEBRUARY 1, 2013 (Docs. 101, 102)**

       On April 1, 2011, Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Wells Fargo"), removed this case to federal district court on the basis of diversity and federal-question jurisdiction. (Notice of Removal, Doc. 1.) One of the named Defendants in this case is Wells Fargo Bank, N.A. (*See id.*) In their Notice of Removal, Defendants assert that under *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), national banking association is a citizen only of the state in which its main office is located. (*Id.* at 8.) For the reasons set forth in this Court's Remand Order in *David Tran v. Wells Fargo Bank, N.A. et al.*, No. 5:12-cv-0016-JST (OPx) (C.D. Cal. Jul. 6, 2012), Doc. 15, the Court concludes that a national bank is also a citizen of the state in which its principal place of business is located. Therefore, Wells Fargo is a citizen of California, and it appears the requirement of complete diversity is not met.

       Defendants also removed on the basis of federal-question jurisdiction because "Plaintiffs' state[d] unfair competition law claims under Business & Professions Code § 17200 ('UCL') are expressly based on federal law." (Notice of Removal at 3.) Plaintiffs' ninth cause of action in their original Complaint is styled "Violation of B&PC Sec. 17200, *et seq.* and the Truth in Lending Act, 15 U.S.C. Sec. 1601, *et seq.* ["TILA"]." (Notice of Removal Ex. A (Compl.) at 1, Doc. 1.) Federal-question jurisdiction is determined by an examination of the face of the complaint. *Easton v. Crossland Mortg.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-502-JST (RNBx)                          Date: December 21, 2012
Title:  Paul Sandford, et al. v. Wells Fargo & Co., et al.

*Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).  The original Complaint states that Wachovia violated California Business & Professions Code sections 17200 and 17500 by, *inter alia*, "engaging in a pattern of deceptive conduct and concealment," and failing to disclose that payment amounts were insufficient to pay both principal and interest, as well as failing to disclose the actual interest rate.  (Compl. ¶ 105.)  Plaintiffs then add that "[s]uch violations also constituted a violation of the Truth in Lending Act, 15 U.S.C. Sec. 1602, et seq[.] and 12 C.F.R. Sec. 226.17 and 226.19, as did the additional failure to provide plaintiffs with two copies of the Notice of Right to Cancel."  (*Id.*)

      "[T]he mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists."  *Easton*, 114 F.3d at 982.  TILA is not a "necessary element" of Plaintiffs' state law UCL claim.  "Where a plaintiff has alleged a UCL claim based on both the violation of state and federal law, courts have found that federal question jurisdiction does not exist."  *Williams v. Wells Fargo Bank, N.A.*, No. CV 10-4761 PA PJWx, 2010 WL 3184248 (C.D. Cal. Aug. 9, 2010) (collecting cases).  To succeed on their UCL claim, Plaintiffs must show an "unlawful, unfair, or fraudulent business act or practice."  *See* Cal. Bus. & Prof. Code § 17200.  Because section 17200 is written in the disjunctive, Plaintiffs are not forced to rely on an unlawful practice in violation of TILA—they "merely ha[d] to allege that Defendant['s] conduct was either unfair or fraudulent."  *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003).  Therefore, Plaintiffs' ninth cause of action of the original Complaint does not appear to rely on the resolution of a federal question.

      This analysis is applicable to the operative Complaint as well—Plaintiffs' First Amended Complaint ("FAC").  (Doc. 66.)  The fourth claim asserted in the FAC is captioned "Violation of California Business and Professions Code §§ 17200, et seq." (*Id.*)  This UCL claim alleges, *inter alia*, "Defendants, and each of them, have committed unlawful business acts or practices by, among other things . . . breaching the implied covenant of good faith and fair dealing and/or the violation of 15 U.S.C. § 1601 et seq., the 'Truth in Lending Act.'"  (*Id.* ¶ 85.)  Thus, the fourth cause of action of the operative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-502-JST (RNBx)                                    Date: December 21, 2012
Title:  Paul Sandford, et al. v. Wells Fargo & Co., et al.

complaint does not appear to rely on the resolution of a federal question.  Therefore, it appears that federal-question jurisdiction is lacking.

Accordingly, Defendants are ORDERED to SHOW CAUSE no later than **January 3, 2013**, why this case should not be remanded for lack of subject-matter jurisdiction.  The hearing on Defendants' Motions (Docs. 101, 102) currently set for January 4, 2013, is CONTINUED to **February 1, 2013, at 2:30 p.m.**

Initials of Preparer:  nkb